IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.4:12-176 |
|  | ) | |
| vs. | ) | |
|  | ) | |
|  | ) | |
| JUSTIN NICHOLAS GUERRA | ) | |

PRELIMINARY ORDER OF FORFEITURE
AS TO JUSTIN NICHOLAS GUERRA

1. On February 28, 2012, a federal grand jury in this district returned a two-count Indictment charging the Defendant, Justin Nicholas Guerra ("Guerra", "Defendant"), with possession and distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(a)(5)(B).

2. The Indictment provided that upon Guerra's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253. The forfeitable property is identified as follows:

- Netgear wireless router w/ power cord
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Arris TM 602G w/power cords and cats cable
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Thumbdrive (staples)
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- HP laptop CNF949KL7 w/ power cord
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Power Mac G-5
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Thumbdrive with keychain
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- HP Pavilion A23ON, Serial # MXM3300B7
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Miscellaneous CDs, CD-R, Sandisk 2GB flashcard
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

3. On September 12, 2012, Guerra pled guilty to count two of the Indictment.

4. Based upon Guerra's conviction and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that Guerra did knowingly possess computer discs and hard drives, computers and other materials that contained images of child pornography. The court finds that Guerra has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

5. The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Guerra has been convicted; therefore, pursuant to 18 U.S.C. § 2253, the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights.

6.     The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     The following property, and all right, title and interest of the Defendant, Justin Nicholas Guerra, in and to the following property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)[1]:

- Netgear wireless router w/ power cord
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Arris TM 602G w/power cords and cat5 cable
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Thumbdrive (staples)
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- HP laptop CNF949KL7 w/ power cord
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Power Mac G-5
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

- Thumbdrive with keychain
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

---

[1] The HP Pavilion A23ON, Serial # MXM3300B7, will be returned to its' rightful owner and will not be forfeited by the United States.

- Miscellaneous CDs, CD-R, Sandisk 2GB flashcard
  Seized from: Justin Nicholas Guerra
  Asset ID: 11-FBI-007457

2. Upon entry, this order becomes final as to Guerra, and shall be made a part of his sentence and included in the criminal judgment;

3. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

4. Upon entry of this Order, the United States Marshal's Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights;

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or

interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

8. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

9. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

10. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                        s/Terry L. Wooten
                        TERRY L. WOOTEN
                        UNITED STATES DISTRICT JUDGE

February 22, 2012

Columbia, South Carolina