IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Justin Nicholas Guerra,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:12-cr-00176-TLW<br>C/A No. 4:16-cv-03701-TLW<br><br><br>**ORDER** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Justin Nicholas Guerra. For the reasons stated below, the Court dismisses the petition.

## I. Factual and Procedural History

Petitioner was charged in a two-count indictment with transporting child pornography in interstate commerce (Count 1) and possession of child pornography (Count 2). ECF No. 2. He pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2), and the Court sentenced him to 120 months of incarceration. ECF No. 72.

After entry of judgment, Petitioner filed a direct appeal, but the Fourth Circuit affirmed on July 5, 2013. *United States v. Guerra*, 535 F. App'x 214 (4th Cir. 2013). He did not file for a writ of certiorari with the Supreme Court.

On November 12, 2016,[1] Petitioner filed this petition under 28 U.S.C. § 2255, petitioning

---

[1] This is the date on which he signed his petition. *See* ECF No. 91 at 34. Nothing on any of the filings related to his petition gives any indication when the petition was placed in the prison mailing system, but the Court will give him the benefit of the doubt and will consider the date he signed the petition to be the date he put it in the prison mailing system. *See Houston v. Lack*, 487 U.S.

1

that he is entitled to resentencing based on Amendment 801 to U.S.S.G. § 2G2.2(b)(3)(F), arguing that this amendment should be applied retroactively. The Government filed a motion to dismiss, asserting that the petition should be dismissed as untimely, ECF Nos. 163, and he has filed two responses to the Government's motion, ECF No. 97, 98.

This matter is now ripe for decision.

## II. 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if the petitioner proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)). Conclusory and vague allegations without factual specifics cannot entitle a petitioner to relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an

---

266 (1988).

evidentiary hearing.").

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this petition pro se. Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

### A. Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 petition must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

### 1. *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1). The Fourth Circuit denied his appeal on July 5, 2013. He had 90 days from the entry of judgment to file for a writ of certiorari. Sup. Ct. R. 13. He did not file for a writ of certiorari. Thus, under § 2255(f)(1), he had one year from the expiration of the 90 day deadline for filing a writ of certiorari, to file his § 2255 petition. However, he did not file his petition until November 12, 2016—more than two years too late. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

### 2. *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from filing his petition. Accordingly, the Court concludes that his petition is untimely pursuant to § 2255(f)(2).

### 3. *§ 2255(f)(3)*

The Court does not find that any triggering date set forth in § 2255(f)(3) applies to this case. Petitioner does not allege, much less establish, that any right newly recognized by the

Supreme Court applies to his case. Accordingly, the Court concludes that his petition is untimely pursuant to § 2255(f)(3).

### 4.     *§ 2255(f)(4)*

To the extent Petitioner alleges that Amendment 801 resets his time frame for filing this petition, the Court finds that Amendment 801 does not reset the statute of limitations under this section. The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner alleges that Amendment 801 constitutes a new fact under §2255(f)(4). He appears to believe that since the amendment became effective November 1, 2016, that he has filed within the appropriate one-year timeframe. However, he does not present any case-law or authority that directly supports this position. Further, the Fourth Circuit has held "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). Therefore, it is clear that §2255(f)(4) does not apply to Amendment 801. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(4).

### B.     **Equitable tolling**

Petitioner cursorily argues that the doctrine of equitable tolling applies to his case to excuse his untimeliness. Though AEDPA's one-year statute of limitations is subject to equitable tolling, that doctrine is a narrow one. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and alterations omitted). Equitable tolling only applies "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the

limitation period against the party and gross injustice would result." *Whiteside*, 775 F.3d at 184. There are generally two situations where equitable tolling could apply to a § 2255 petition: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct on the part of the Government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

None of these situations are applicable here. Petitioner does not allege, much less establish, that the Government engaged in any wrongful conduct that prevented him from filing his § 2255 petition. Additionally, a claim for §2255 relief based on a guideline amendment is not a cognizable claim for relief. *See United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) ("[A] misapplication of the guidelines typically does not constitute a miscarriage of justice.") Thus, the Court is not persuaded that he has established a sufficient basis to ignore the limitations imposed by Congress. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.

**C.   Amendment 801 does not apply retroactively**

Even assuming Petitioner's claim was not barred by the AEDPA's statute of limitations, his § 2255 petition would still fail because Amendment 801 does not apply retroactively. Section 1B1.10(a)(1) of the Guidelines does allow for resentencing pursuant to a guidelines amendment under the authority of 18 U.S.C. § 3582(c)(2). However, a reduction based on an amendment is not authorized unless it is expressly stated in § 1B1.10(d). U.S.S.G. § 1B1.10(a)(2)(A). Amendment 801 is not one of the amendments expressly listed in § 1B1.10(d). Therefore, petitioner is not eligible for resentencing based on Amendment 801. *See United States v. McNeill*, 671 F. Appx. 67, 68 (4th Cir. 2016).

## V. Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 94, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 91, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 13, 2018
Columbia, South Carolina